Filed 11/5/20  Jackson v. Employment Development Dept. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TINA JACKSON,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT,<br><br>  Defendant and Respondent. | F078685<br><br>(Super. Ct. No. 16CECG01569)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Donald S. Black, Judge.

Tina Jackson, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Chris A. Knudsen, Assistant Attorney General, and Andrea R. Austin, Deputy Attorney General, for Defendant and Respondent.

-ooOoo-

Plaintiff Tina Jackson sued her former employer, alleging she was discharged due to discrimination and retaliation.  A bench trial was held, plaintiff presented her evidence, and the employer made a motion for judgment under Code of Civil Procedure section

---

*       Before Franson, Acting P.J., Peña, J. and Snauffer, J.

631.8.[1]  The trial court evaluated plaintiff's evidence and granted the motion for judgment.  Plaintiff appealed.

The appellant's notice of designation of record on appeal completed by plaintiff indicated she chose to proceed without a record of the oral proceedings in the trial court. Without a reporter's transcript of the testimony presented at trial, or an agreed or settled statement, this court cannot evaluate the evidence and determine if the trial court erred in finding plaintiff failed to present sufficient evidence to prove her claims.  Under the rules of appellate procedure, it is well established that "an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  Applying this rule, we conclude plaintiff has failed to present an adequate record and, as a result, has failed to demonstrate the trial court erred.

We therefore affirm the judgment.

## FACTS

Plaintiff was hired by defendant Employment Development Department, a state agency (EDD), in October 2012.  Her employment was terminated on April 4, 2016.

In September 2014, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) against EDD.  The charged alleged sexual harassment and retaliation.

On February 25, 2015, plaintiff provided EDD with a certification form completed by her healthcare provider addressing her serious medical condition—hypertensive heart disease.  The form was submitted under the Family Medical Leave Act (FMLA; 29 U.S.C. § 2601 et seq.) and the California Family Rights Act (CFRA; Gov. Code, § 12945.1 et seq.).  Two days later, plaintiff was orally informed her request was denied. In response to the denial, plaintiff filed a complaint with the United States Department of

---

[1]    All unlabeled statutory references are to the Code of Civil Procedure.

2.

Labor, alleging discrimination based on a serious permanent preexisting medical condition.

Plaintiff alleges that on March 4, 2015, she was informed that her work hours would be reduced from 40 hours per week to 32 hours per week effective April 1, 2015. When not on leave, plaintiff worked this reduced schedule until her employment was terminated.

In September 2015, an investigator for the United States Department of Labor issued a written report finding EDD committed five violations of the FMLA in handling plaintiff's February 2015 request for leave. The report states: "In the 2015 FMLA leave year the employer denied the employee [her] right to take protected leave under the FMLA when it failed to provide the employee with a written designation notice after having received an FMLA packet on 02/25/15 (Ex. D-15, E-3)." The report states the investigator met with EDD, explained the violations, and EDD "agreed to future compliance and to remedy the violation by providing the employee with a new FMLA packet and designating her related absences for the FMLA 2015 year." The report also states the investigator phoned plaintiff, informed her that some of the violations were substantiated, and informed her EDD "agreed to remedy the violations by approving her FMLA leave and retroactively designating protected absences as FMLA."

Plaintiff alleges that in January 2016 and March 2016 she submitted certification forms under the FMLA and CFRA to take care of her own serious medical condition. Plaintiff alleges both requests were denied orally by EDD and, contrary to federal and state law, EDD failed to provide her with written notifications responding to her requests.

**PROCEEDINGS**

In May 2016, after her discharge, plaintiff sued EDD and her former supervisors. In March 2017, plaintiff filed a third amended complaint, which is the operative pleading in this appeal. Plaintiff's third amended complaint asserted multiple claims of discrimination, retaliation and defamation.

3.

On October 22, 2018, a bench trial began. The claims against EDD remaining for trial alleged (1) violations of the CFRA ; (2) retaliation prohibited by the CFRA; (3) retaliation prohibited by the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.) and (4) a failure to accommodate in violation of section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). During the first day of trial, plaintiff called several witnesses and then took the stand to present her testimony. On October 23, 2018, plaintiff retook the stand and continued her testimony. That afternoon, after plaintiff finished her testimony, EDD made a motion for judgment under section 631.8. The parties argued the motion, and the court advised them that a decision on the motion would be made the following morning in open court.

On October 24, 2018, the trial court issued an order granting EDD's motion for judgment. A written order setting forth the court's legal conclusions, findings of fact, and determinations as to the sufficiency of the evidence was signed and filed on December 5, 2018. After EDD filed a notice of entry of the order, plaintiff filed a timely appeal.

In March 2019, plaintiff filed an appellant's notice designating record on appeal using Judicial Council form APP-003 (rev. Jan. 1, 2019). Plaintiff requested the preparation of a clerk's transcript and, with respect to oral proceedings, chose to proceed without a record of what was said at trial.

## DISCUSSION

I.    MOTIONS FOR JUDGMENT

A.    Trial Court's Authority

The procedural context for this appeal is established by section 631.8, subdivision (a), which authorizes a party in a nonjury trial to move for a judgment after the opposing party has presented his or her evidence. Here, the EDD moved for judgment after plaintiff presented her case-in-chief. When a motion for judgment has been made, "[t]he

4.

court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party" or, alternatively, "may decline to render any judgment until the close of all the evidence." (§ 631.8, subd. (a).) If a judgment is rendered, the court is required to issue a statement of decision. (*Ibid*.) A motion for judgment is not the equivalent of a motion for nonsuit because it is not limited to challenging the legal sufficiency of the opposing party's evidence.

Where a defendant moves for judgment under section 631.8, the statute enables the trial court, " 'when it finds at the completion of plaintiff's case that the evidence does not justify requiring the defense to produce evidence, to weigh evidence and make findings of fact.' [Citation.] Under the statute, a court acting as trier of fact may enter judgment in favor of the defendant if the court concludes that the plaintiff failed to sustain its burden of proof. [Citation.] In making the ruling, the trial court assesses witness credibility and resolves conflicts in the evidence." (*People ex rel. Dept. of Motor Vehicles v. Cars 4 Causes* (2006) 139 Cal.App.4th 1006, 1012.) In other words, because the trial court evaluates the evidence as a trier of fact, it may disbelieve some of the testimony presented while crediting other testimony. (*Orange County Water Dist. v. MAG Aerospace Industries, Inc.* (2017) 12 Cal.App.5th 229, 239.)

B. Standards of Appellate Review

When a trial court issues a judgment pursuant to section 631.8, the standards of appellate review are the same as if the court had rendered a judgment after a completed bench trial. (*Orange County Water Dist. v. MAG Aerospace Industries, Inc.*, *supra*, 12 Cal.App.5th at p. 239.) The trial court's resolution of questions of law are subject to independent review. (*Id*. at p. 240.) In comparison, its findings of fact are reviewed under the deferential substantial evidence standard. (*Ibid*.)

However, when the trial court resolves questions of fact by determining a party did not carry its burden of proof, "it is misleading to characterize the failure-of-proof issue as

5.

whether substantial evidence supports the judgment.… [¶] [W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528; see *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.) Thus, the finding-compelled-as-a-matter-of-law standard applies to the trial court's determinations that plaintiff failed to prove a particular element of a cause of action.

## II. RECORD ON APPEAL

### A. Legal Principles

California appellate courts begin their evaluation of an appeal by presuming the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see Cal. Const., art. VI, § 13.) "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) This allocation of the burden to appellants is a fundamental principle of appellate procedure and derived from the constitutional doctrine of reversible error. (*Ibid.*)

To overcome this presumption, an appellant challenging a judgment must affirmatively demonstrate prejudicial error. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) As noted earlier, a trial court might commit error in resolving a question of law or in its findings of fact. When an appellant contends a trial court's findings of fact are wrong, the appellant must demonstrate the record does not contain substantial evidence to support the particular finding being challenged. (*Boeken v. Philip Morris*

*Inc.* (2005) 127 Cal.App.4th 1640, 1658.)  To demonstrate the absence of substantial evidence, the appellant must provide the appellate court with an adequate record of the evidence (including oral testimony) presented in the trial court.  (See *Jameson*, *supra*, 5 Cal.5th at pp. 608–609; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [absence of a reporter's transcript or settled statement meant plaintiff failed to provide an adequate record and, thus, failed to carry the burden of showing prejudicial error].)  Similarly, an appellant must provide an adequate record of the evidence in order to demonstrate a finding in appellant's favor was compelled as a matter of law.

In *Estate of Fain, supra,* 75 Cal.App.4th 973, the Second District addressed the importance of providing an adequate record of the evidence and, more specifically, providing a reporter's transcript of the testimony presented by stating:

> "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence."  (*Id*. at p. 992; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 [list of cases where absence of reporter's transcript precluded appellate court from reaching merits].)

Here, although the minutes from the bench trial show a court reporter was present, plaintiff's designation of record on appeal did not include a reporter's transcript of the trial.

B.      Contentions

   *1.      Health Condition*

On appeal, plaintiff contends that her serious permanent health condition made her unable to perform the functions of her job while employed with EDD.  Plaintiff supports this contention by arguing there was no evidence EDD introduced to the trial court to show she did not have a serious health condition.  Plaintiff's contention challenges the

7.

trial court's statement that it "finds plaintiff has introduced insufficient evidence of a serious health condition that made her unable to perform the functions of her job."

To establish the trial court erred in determining the evidence was insufficient on this issue,[2] plaintiff must demonstrate her "evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*In re I.W.*, *supra*, 180 Cal.App.4th at p. 1528.) Without a reporter's transcript, or a settled or agreed statement, we are unable to apply this test and determine whether plaintiff's evidence was of such a character and weight as to leave no room for the trial court to determine it was insufficient. Consequently, plaintiff failed to present an adequate record on appeal to demonstrate the trial court erred in making this determination of insufficient proof.

### 2. *Protected Activities and Causation*

Plaintiff also contends she was involved in two protected activities and established a causal nexus to support her retaliation claims. Again, she supports this contention by arguing there was no evidence EDD introduced to show that she did not experience retaliation and was not involved in two protected activities.

The trial court addressed plaintiff's claim of retaliation in violation of the CFRA by finding "plaintiff has not proven that she suffered an adverse employment action as a result of her requests for CFRA leave." As for her claim of retaliation in violation of the FEHA, the court found plaintiff "failed to introduce evidence of a causal link between the filing of the EEOC charge and any adverse employment action." The court also found "there was inadequate proof of any adverse employment action suffered by plaintiff until she was discharged for failing to return to work following her leave in 2016" and

---

[2] The determination is the equivalent of concluding plaintiff failed to carry her burden of proof.

"plaintiff failed to demonstrate any relationship between any FEHA protected activity and this discharge."

These determinations that plaintiff failed to prove retaliation caused by protected activity is subject to appellate review under the finding-compelled-as-a-matter-of-law standard. (*In re I.W.*, *supra*, 180 Cal.App.4th at p. 1528.) Again, without a reporter's transcript, we are unable to determine that plaintiff's evidence was of such a character and weight as to leave no room for the trial court to determine it was insufficient as to the elements of her retaliation claims. Consequently, we are required by applicable law to conclude plaintiff failed to present an adequate record on appeal. It necessarily follows that plaintiff failed to carry her burden of affirmatively demonstrating trial court error. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

9.